IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| WYATT BUSBY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:13cv274 |
| SGT. SCOTT, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Wyatt Busby, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c).

On May 29, 2013, Busby was ordered to pay an initial partial filing fee of $9.11, pursuant to 28 U.S.C. §1915(b). Busby received a copy of this order on or before June 10, 2013, but to date, he has not complied, nor has he responded in any way.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988); Rule 41(b), Fed. R. Civ. P. Busby's failure to prosecute his case is demonstrated by his failure to pay the initial partial filing fee as ordered by the Court, or to show good cause for his failure to do so.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), *citing* Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. McNeal, 842 F.2d at 793.

In this case, Busby's failure to pay the initial partial filing fee or to show good cause for the failure to do so is not an action which threatens the judicial process, and so dismissal with prejudice would not be warranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The incidents complained of began in September of 2012, and so Busby has ample time in which to re-file his lawsuit, should he choose to do so, within the two-year limitations period. Upon consideration of all relevant factors, it is hereby

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court. Rule 41(b), Fed. R. Civ. P. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So ORDERED and SIGNED this 26th day of August, 2013.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE